UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EARLIE B.A. BERRY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01841-JRS-DML |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Earlie B.A. Berry, Jr. for a writ of habeas corpus challenges a prison disciplinary proceeding identified as CIC 17-12-0143. For the reasons explained in this Entry, Mr. Berry's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On December 12, 2017, Officer Riley Groover wrote a conduct report charging Mr. Berry with committing offense B-202, Possession or Use of a Controlled Substance. The conduct report states:

> On December 12, 2017 at approximately 1:01 P.M. Offender Berry, Earlie #932151 1B-1D was having medical issues. I Officer Riley Groover and Officer Alec Baullosa went to cell 1-1D. Offender Berry, Earlie #932151 1B-1D was throwing up and rolling around on the floor. Officer Alec Baullosa called a signal 3000. I Officer Riley Groover went into the cell [to] assist Offender Berry Upon entering cell 1-1D, I (Officer Riley Groover) noticed a 2" brown rolled controlled substance laying on the floor of his cell by the head of the bed. I also found 2-AAA batteries with 2 pieces of a razor blade laying on his bed. End of Report.

Dkt. 14-1. Officer Riley Groover also completed a Notice of Confiscated Property form, describing the confiscated property as a "2" brown rolled controlled substance, 2-AAA batteries, and 2 pieces of a razor blade." Dkt. 14-2. Officer Groover took possession of the rolled controlled substance and placed the other evidence in locker 287. Dkt. 14-1. Photographs of the razor blade pieces and the batteries were taken, but no photo of the rolled controlled substance was taken. Dkt. 14-3. Officer Baullosa also provided a supplemental conduct report. Dkt. 14-4.

Investigator A. Mills provided a "Suspicious Controlled Substance Confirmation" (SCSC Memo) which stated:

> Without a chemical test available, the facility is going to rely on the circumstances surrounding the items found and identified as synthetic marijuana. The ADP includes paraphernalia and lookalike substances. Therefore, items found that appear to be used for smoking/consuming controlled substances, including but not limited to; any object with suspicious residue (pipes, mirrors, etc.), leftover burnt ends from a rolled up material, rolling papers, <u>papers soaked in coffee</u> (other liquids), suspicious torn pieces of paper, plant like material, anything packaged for distribution, etc. will constitute a violation of the ADP B202 Possession or Use of a controlled substance.

Dkt. 14-8.

Mr. Berry was notified of the charge on December 19, 2017, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. He was notified of his rights, pleaded not guilty, and requested the appointment of lay advocate, Daniel Oliver. Dkt. 14-5. Mr. Berry did not request to call any witnesses. *Id.* He did request physical evidence for his hearing, stating, "I want the substance tested." *Id.*

A disciplinary hearing was held on December 27, 2017. Dkt. 14-7. At the hearing, Mr. Berry pled not guilty and stated: "I smoked a cigarette. I did take some pills, but that should be a misuse of meds." *Id.*

The hearing officer then determined that Mr. Berry had violated Code B-202, Possession or Use of Controlled Substance, based on the staff reports, Mr. Berry's statement, and the physical evidence of the batteries and razor blades. *Id.* The sanctions imposed included a written reprimand, 30 days' commissary restriction, 30 days' telephone restriction, and 60 days' lost earned credit time. *Id.*

Mr. Berry's appeals to the facility head and to the Final Reviewing Authority were denied. Dkts. 14-9, 14-10, 14-11, 14-13. This habeas action followed.

**C.   Analysis**

Mr. Berry alleges that his due process rights were violated in the disciplinary proceeding. His claims are that: 1) there was insufficient evidence to find that he possessed a controlled substance; 2) he was denied evidence; 3) there was no picture of the 2" rolled controlled substance; and 4) he was denied an impartial hearing officer.

Mr. Berry's first and third claims are challenges to the sufficiency of the evidence. These claims are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary.

*Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Offense B-202 prohibits "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Dkt. 14-12 at 3. By being found in Mr. Berry's cell by the head of his bed, the substance was "possessed" by him. *See* IDOC Policy No. 02-04-101, § III (BB) at 5 (definition of possession). The conduct report itself described what Officer Groover found as "a 2" brown rolled controlled substance." Dkt. 14-1. The SCSC Memo also stated that "items that appear to be used for smoking/consuming controlled substances, including . . . rolled up material, rolling papers, papers soaked in coffee . . . will constitute a violation of the ADP B202 Possession or Use of a controlled substance." Dkt. 14-8. The conduct report and the SCSC Memo constitute "some evidence" that Mr. Berry violated B-202.

Mr. Berry further challenges the sufficiency of the evidence by arguing that no photograph was taken of the 2" rolled controlled substance. Having a photograph of the rolled substance is not constitutionally required. There is some evidence that the rolled substance existed and was confiscated. Dkts. 14-1; 14-2. Mr. Berry does not dispute those facts. His additional contention that a negative urine test was not considered and he was not given a breathalyzer fail on the merits,

even if they were not procedurally defaulted for not being raised on appeal as argued by the Warden, because a negative urine test would not necessarily exclude a finding that he possessed the contraband.

Mr. Berry's second claim is that his request for a field substance test was improperly denied. There is no constitutional right to have a field test conducted on all substances suspected of being controlled substances. As noted, the SCSC Memo defines how items such as rolled up materials, rolling papers, and papers soaked in liquid constitute violations of the possession/use offense. Moreover, inmates do not have a due process right to have evidence created for them. *Manley v. Butts,* 699 F. App'x 574, 576 (7th Cir. 2017) ("Prison administrators are not obligated to create favorable evidence or produce evidence they do not have."). Rather, inmates are entitled to the disclosure of "all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011) (internal quotation omitted). The Court's role in this prison disciplinary case is to determine whether the evidence considered by the hearing officer was constitutionally sufficient. Here, all the evidence considered was disclosed to Mr. Berry and that evidence satisfied the "some evidence" standard. There was no due process error in this regard.

For his final claim, Mr. Berry alleges that the hearing officer was not impartial because he denied his request to postpone the hearing to obtain test results. Again, Mr. Berry was not entitled to have field tests conducted. Moreover, his claim of partiality fails because "the constitutional standard for impermissible bias is high." *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in

the investigation thereof," may not adjudicate those charges. *Id.* at 667. Here, there is no evidence that the hearing officer was improperly involved in any of the events leading to the charge.

Mr. Berry was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was enough evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Berry's due process rights.

### D. Conclusion

Mr. Berry's "amended and supplemental pleadings" filed on January 25, 2019, dkt. 23, is **of no effect.** This action was filed on June 15, 2018, and was fully briefed as of January 17, 2019, and Mr. Berry did not seek leave pursuant to Rule 15(d) to amend his petition.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Berry to the relief he seeks. Accordingly, Mr. Berry's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/26/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

EARLIE B.A. BERRY, JR.
932151
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Patricia Caress McMath
INDIANA ATTORNEY GENERAL
patricia.mcmath@atg.in.gov

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov